**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

AHMED JOAQUIN,

               Petitioner,

       v.

UNITED STATES OF AMERICA,

               Respondent.

Civ. Action No. 15-7014 (SRC)

**OPINION**

**CHESLER**, District Judge:

This matter is before the Court upon Petitioner's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts requires the sentencing judge to examine the motion, and if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the Clerk to notify the moving party.

## I.   BACKGROUND

On January 8, 2008, Petitioner Ahmed Joaquin ("Joaquin") was indicted for violation of 18 U.S.C. § 922(g)(1), as a felon

1

in possession of a firearm, after he was convicted of a felony

in a New Jersey state court. USA v. Joaquin, 08-cr-00031 (SRC)

(ECF No. 1.) On June 5, 2008, Joaquin pled guilty in this Court.

(ECF Nos. 13-15.)

> The plea agreement states, in relevant part:

>> The sentence to be imposed upon Ahmed Joaquin is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.

(ECF No. 14 at 2.) Joaquin waived his appeal and post-sentencing

rights in the plea agreement, including relief from an appeal

under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255. (Id.

at 4.)

In the plea agreement, Joaquin stipulated to the following

facts: (1) Joaquin was a prohibited person at the time of the

instant offense; and (2) Joaquin was convicted of at least three

drug trafficking offenses, including (a) Possession of CDS with

the intent to distribute, in violation of N.J.S.A. 2C:35-5B,

Essex County Superior Court, arrest date February 18, 1997, and

conviction date November 5, 1997; (b) Possession of CDS with the

intent to distribute within 1000 feet of a School Zone, in

violation of N.J.S.A. 2C:35-7, Essex County Superior Court,

2

arrest date January 22, 1998; and (c) Distribution of CDS
(Heroin), in violation of N.J.S.A. 2C:35-3B(3), Essex County
Superior Court, arrest date March 13, 2000, and conviction date
October 13, 2000. (ECF No. 14 at 7.)  Joaquin acknowledged he
was informed that the maximum sentence he was subject to was ten
years imprisonment. (ECF No. 15 at 3-4.) The benefit Joaquin
received from the plea agreement is that no further charges
arising out of the underlying conduct would be brought against
him. (Id. at 5.)

On December 18, 2008, this Court sentenced Joaquin to a 96-
month term of imprisonment, to be served consecutively with the
term of imprisonment imposed on State Criminal Docket 06-07-
2224, New Jersey Superior Court, Essex County. (ECF No. 20 at
2.) Upon release from imprisonment, Joaquin was sentenced to a
three-year term of supervised release. (Id. at 3.)

Joaquin appealed the final judgment on December 31, 2008.
(ECF No. 21.)  He alleged the sentence was procedurally and
substantively unreasonable. United States v. Joaquin, 362 F.
App'x 289, 290 (3d Cir. 2010). The Third Circuit Court of
Appeals affirmed the sentence. Id.

The Third Circuit noted the U.S. Probation Office had
calculated Joaquin's total offense level as 25, which included a
four-level upward adjustment because Joaquin possessed a firearm
in connection with a drug-trafficking offense. Id. at 290-91

3

(citing U.S.S.G. § 2K2.1(b)(6). Joaquin's criminal history category was VI, with a guidelines range of 110 to 120 months imprisonment. Id. at 291. At sentencing, the District Court declined to apply the four-level enhancement. Id. Joaquin also argued that a criminal history category of VI overstated the seriousness of his criminal record, warranting a downward departure under U.S.S.G. §4 A.1.3. Id.  The District Court disagreed. Id.

Therefore, Joaquin's adjusted offense level was 21, with a guidelines range of 77 to 96 months imprisonment. Id.  The District Court rejected Joaquin's request for a bottom of the guidelines sentence to run concurrently with his six-year sentence on drug trafficking offenses in state court, and sentenced him to 96 months imprisonment, to run consecutively with the undischarged state court sentence. Id.

The Third Circuit held that the District Court gave "rational and meaningful" consideration to the relevant § 3553(a) factors in imposing the sentence, and that the sentence was procedurally reasonable. Id. at 293. The court further held that the sentence was substantively reasonable. Id.

Then, on November 12, 2014, Joaquin filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] (ECF

---

[1] 18 U.S.C. § 3582(c)(2) provides:

No. 27.) This Court denied the motion on December 4, 2014. (ECF

No. 28.) Joaquin appealed, but the Third Circuit dismissed the

appeal as untimely. (ECF No. 33-2 at 1.)

On September 18, 2014, Joaquin filed a self-styled "Motion

for Relief of a Watershed Rule of Law," seeking a four-level

reduction in his sentence. (ECF No. 34.) Joaquin asserted:

> [A}t the time of his sentencing, the
> government had not taken affect, meaning of
> Corpus Delicti. Nevertheless, the
> petitioner's Plea Agreement never recognized
> the 4 point enhancement nor provided the
> theory of the Corpus Delicti Rule. Under the
> Plea Agreement the petitioner agreed to seek
> any further reduction once the Corpus Delicti
> was adopted.[2] Therefore, the petitioner is not
> prohibited from seeking further relief under
> the Theory of Corpus Delicti.
>
> Moreover, the petitioner received no benefit
> of a Four-level reduction.[3] Therefore, he

---

> in the case of a defendant who has been
> sentenced to a term of imprisonment based on
> a sentencing range that has subsequently been
> lowered by the Sentencing Commission pursuant
> to 28 U.S.C. 994(o), upon motion of the
> defendant or the Director of the Bureau of
> Prisons, or on its own motion, the court may
> reduce the term of imprisonment, after
> considering the factors set forth in section
> 3553(a) to the extent that they are
> applicable, if such a reduction is consistent
> with applicable policy statements issued by
> the Sentencing Commission.

[2] The Court finds nothing in the plea agreement supporting
Joaquin's assertion. See United States v. Joaquin, 08-cr-00031
(ECF No. 14.)
[3] On direct appeal, United States v. Joaquin, 362 Fed. App'x 289,
290-91 (3d Cir. 2010), the Third Circuit noted Joaquin had
argued at sentencing that the total offense level of 25

5

would be eligible for relief. Courts must apply the Corpus Delicti Theory Rule by "substituting only the Amendments listed in U.S.S.G. § 1B1.10(c) for the corresponding guideline provisions that were not applied when the petitioner was sentenced and shall leave all other guideline decisions unaffected. The court is not prohibited from reducing the petitioner's term of imprisonment under motion for relief of a Watershed Rule of Law.

## II. DISCUSSION

### A. Timeliness of the Motion

18 U.S.C. § 2255(f) provides in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > . . .
> >
> > (2) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

Joaquin's reference to a Watershed Rule of Law suggests he is seeking to proceed under 28 U.S.C. § 2255(f)(2) based on a

---

incorrectly included "a four level upward adjustment because Joaquin possessed a firearm in connection with a drug-trafficking offense" and the District Court agreed with Joaquin and declined to apply the four-level enhancement. The District Court found an adjusted offense level of 21. Id. If this is the basis upon which Joaquin now seeks § 2255 relief, it is without merit.

newly recognized right by the Supreme Court, which was made
retroactively applicable. See Lloyd v. United States, 407 F.3d
608, 612 (3d Cir. 2005) ("a new rule of criminal procedure will
apply retroactively if it is deemed a watershed [rule] of
criminal procedure implicating the fundamental fairness and
accuracy of the criminal proceeding") (quoting Beard v. Banks,
542 U.S. 406, 416 (2004) (internal quotation and citation
omitted)). Joaquin, however, does not cite any retroactive
Supreme Court case in support of his claim.

Joaquin's sentence became final on April 25, 2010, ninety
days after the Third Circuit affirmed this Court's sentencing
decision. See United States v. Kapral, 165 F.3d 565, 570 (3d
Cir. 1999) (a "judgment of conviction does not become 'final'
within the meaning of § 2255 until the Supreme Court affirms the
conviction and sentence on the merits or denies a timely filed
petition for certiorari . . . if a defendant does not file a
certiorari petition, the judgment of conviction does not become
"final" until the time for seeking certiorari review expires . .
. 90 days from the date on which the court of appeals affirms
the judgment of conviction . . .") It plainly appears from the
motion and the record of the criminal proceedings that Joaquin's
§ 2255 motion is barred by the one-year statute of limitations.
See United States v. Bendolph, 409 F.3d 155, 166-67 n.18 (3d
Cir. 2005) (district court has the power to raise the statute of

7

limitations issue <u>sua</u> <u>sponte</u> in cases arising under Rule 4 of 28 U.S.C. § 2255).

## III. CONCLUSION

In the accompanying Order, Joaquin's § 2255 motion will be dismissed without prejudice as barred by the statute of limitations. The Court dismisses the motion without prejudice because Joaquin may be able to amend the motion to identify the retroactive Supreme Court case upon which he seeks to proceed.

DATED: _12/9/15_

STANLEY R. CHESLER
**United States District Court**

8